UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

VALIANT LEON WHITE #225440, JR.,

      Plaintiff,                                                  Case No. 2:17-CV-99

v.                                                         HON. GORDON J. QUIST

UNKNOWN GOODELL, et al.,

      Defendants.
_____/

## ORDER REGARDING REPORT AND RECOMMENDATION

This is a civil rights action brought by state prisoner Valiant Leon White, Jr., pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendants Goodell and Huhtala retaliated against him in violation of his constitutional rights. On October 27, 2020, U.S. Magistrate Judge Maarten Vermaat issued a Report and Recommendation (R & R), recommending that the Court (1) grant in part and deny in part Defendants' motion for summary judgment for failure to exhaust administrative remedies, and (2) deny Plaintiff's motion for summary judgment or partial summary judgment. (ECF No. 37.) Plaintiff has filed objections. (ECF No. 39.) Defendants have responded. (ECF No. 43.)

Upon receiving objections to the R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). After conducting a de novo review of the R & R, the objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted in part and rejected in part.

The magistrate judge identified six adverse actions allegedly taken by Defendants Goodell and Huhtala. Two of adverse acts arise from misconducts. Plaintiff alleges that Defendant Goodell retaliated against him by issuing a false misconduct for disobeying a direct order on May 31, 2014. He also alleges that Defendant Huhtala retaliated against him by ordering another officer to issue him a false misconduct on December 12, 2016. The magistrate judge recommends the dismissal of these claims on the grounds that Plaintiff did not raise the issue of retaliation at the misconduct hearings. *See Siggers v. Campbell*, 652 F.3d 681, 694 (6th Cir. 2011). The magistrate judge reached this conclusion based on the misconduct hearing reports, which do not contain any evidence that Plaintiff raised the issue of retaliation at the misconduct hearings. (ECF No. 23-14 at PageID.256; ECF No. 25-6 at PageID.289.)

Plaintiff objects, arguing that he raised retaliation at both misconduct hearings but the hearing officer did not include the retaliation argument in the hearing reports. Plaintiff's statements are properly sworn pursuant to 28 U.S.C. § 1746. (ECF No. 25 at PageID.266.) A plaintiff's sworn statements, alone, are sufficient to create question of fact regarding whether he raised the issue of retaliation during the hearings. *See Alexander v. Ojala*, No. 2:16-CV-85, 2016 WL 6662559, at *3 (W.D. Mich. Sept. 23, 2016), *report and recommendation adopted,* 2016 WL 6659133 (W.D. Mich. Nov. 10, 2016). Plaintiff's version of events is also supported by the requests for rehearing that he filed after the misconduct hearings. For example, in one request for rehearing, Plaintiff wrote: "un-addressed claim #2 'RETALIATORY MISCONDUCT.'" (ECF No. 25-5 at PageID.284.) Accordingly, the Court finds that a genuine dispute of material fact exists as to whether Plaintiff exhausted these retaliatory misconduct claims.

The magistrate also recommends that two other claims be dismissed because Plaintiff's grievances were rejected. Although a rejected grievance generally does not exhaust any claim,

2

courts have found that the grievance procedure is unavailable to an inmate if the grievance was "improperly rejected." *See, e.g.*, *Salami v. Sperling*, 2020 WL 76998332, at *3 (W.D. Mich. Nov. 19, 2020) (finding that the MDOC improperly rejected the grievance based on the prisoner's failure to attempt to resolve the issue before filing the grievance); *Burnett v. Walsh*, 2020 WL 3716555, at *3-4 (E.D. Mich. June 15, 2020) (finding that the MDOC improperly rejected the prisoner's grievance as duplicative); *see also LaFountain v. Martin*, 334 F. App'x 738, 741 (6th Cir. 2009) (finding that the MDOC improperly rejected the grievance for raising multiple unrelated issues).

Here, Plaintiff argues that the two grievances were improperly rejected.[1] First, in KCF-16-12-1567-27z, Plaintiff alleged that an "Inspector," whom he later identified as Defendant Huhtala, retaliated against Plaintiff by "taking [him] to a secluded area to imply I was giving him information that others should not hear." (ECF No. 1-11 at PageID.35.) In other words, Plaintiff alleged that Defendant Huhtala retaliated against him by making him look like a snitch to other inmates. The grievance coordinator rejected the grievance, stating "Per inspector Huhtala grievant was laid in with pay till his investigation is complete." (*Id.* at PageID.36.) Plaintiff argues that this rejection was improper. The MDOC policy provides 14 reasons a grievance can be rejected. The grievance coordinator's reason for rejecting the grievance in this case does not appear to rely on any reason in the policy. Furthermore, Defendant Huhtala does not adequately address this rejection in the briefing. Accordingly, the Court finds that Defendant Huhtala has not shown that he is entitled to summary judgment on this claim.

Second, in KCF-1701-74-28e, Plaintiff alleged that Defendant Goodell had a "practice, pattern, [and] custom" of taking and destroying Plaintiff's property. (ECF No. 1-10 at PageID.60.) The grievance was rejected as untimely. Plaintiff suggests that this grievance exhausted his claim

---

[1] Defendants did not include either of the rejected grievances with their summary judgment motion.

3

that Defendant Goodell destroyed his property in December 2016. He argues that the rejection was improper because he was transferred, which is a valid reason to excuse an untimely grievance. According to the MDOC policy, a "grievance shall not be rejected if there is a valid reason for the delay; e.g., transfer." MDOC PD 03.03.105 ¶ J (5). But Plaintiff's transfer is not a valid reason for his delay in the instant case. According to Plaintiff, he was transferred to another facility on December 19, 2016.  He then served 15-days top lock and subsequently filed a grievance at the wrong facility.  Plaintiff did not file the grievance until January 17, 2017—more than a month after the alleged December 12, 2016, incident with Defendant Goodell. Accordingly, the Court finds that the MDOC did not improperly reject this grievance as untimely.

The magistrate judge also recommended denying Plaintiff's motion for summary judgment or partial summary judgment.  At this stage in the proceedings, the Court finds that genuine issues of material fact exist as to whether Plaintiff exhausted his administrative remedies by raising the issue of retaliation in the misconduct hearings. Furthermore, the Court finds that genuine issues of material fact exist as to whether Defendants took any adverse action against Plaintiff due to his protected conduct.[2]

**Accordingly, IT IS HEREBY ORDERED** that the October 27, 2020, Report and Recommendation (ECF No. 37) is **adopted in part** and **rejected in part**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment or partial summary judgment (ECF No. 32) is **denied** and Defendants' motion for summary judgment (ECF No. 22) is **granted in part** and **denied in part**.

---

[2] Plaintiff also seeks sanctions against Defendants because they did not disclose Plaintiff's entire grievance record and acted in bad faith. Having reviewed the record, the Court finds that sanctions are not warranted.

4

**IT IS FURTHER ORDERED** that Plaintiff's claim that Defendant Goodell retaliated against him by confiscating or destroying property on December 12, 2016; is **dismissed without prejudice**.

The following claims remain in this case:

1. Defendant Goodell retaliated against Plaintiff by issuing him a false misconduct for disobeying a direct order on May 31, 2014;

2. Defendant Goodell retaliated against Plaintiff by placing him in segregation on May 31, 2014;

3. Defendant Goodell retaliated against Plaintiff by confiscating and destroying his property on May 31, 2014;

4. Defendant Huhtala retaliated against Plaintiff by implying that Plaintiff was a prison informant on December 9, 2016; and

5. Defendant Huhtala retaliated against Plaintiff by ordering another officer to issue Plaintiff a false misconduct on December 12, 2016.

Dated: March 26, 2021                           /s/ Gordon J. Quist
                                                GORDON J. QUIST
                                                UNITED STATES DISTRICT JUDGE