UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

VALIANT LEON WHITE #225440, JR.,

      Plaintiff,                            Case No. 2:17-CV-99

v.                                            HON. GORDON J. QUIST

UNKNOWN GOODELL, et al.,

      Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

      This is a civil rights action brought by state prisoner Valiant Leon White, Jr., pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendants Goodell and Huhtala retaliated against him in violation of his constitutional rights.[1] On August 12, 2022, U.S. Magistrate Judge Maarten Vermaat issued a Report and Recommendation (R & R), recommending that the Court (1) grant Defendants' motion for summary judgment; (2) deny Plaintiff's motion for summary judgment; (3) grant Plaintiff's motion to add statements to his summary judgment motion; and (4) deny Plaintiff's motion to reopen discovery. (ECF No. 90.) Plaintiff has filed objections. (ECF No. 91.) Defendants have responded. (ECF No. 93.)

      Upon receiving objections to the R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "[O]bjections disputing the correctness of

---

[1] There are five claims remaining in this case: (1) Defendant Goodell retaliated against Plaintiff by issuing him a false misconduct for disobeying a direct order on May 31, 2014; (2) Defendant Goodell retaliated against Plaintiff by placing him in segregation on May 31, 2014; (3) Defendant Goodell retaliated against Plaintiff by confiscating and destroying his property on May 31, 2014; (4) Defendant Huhtala retaliated against Plaintiff by implying that Plaintiff was a prison informant on December 9, 2016; and (5) Defendant Huhtala retaliated against Plaintiff by ordering another officer to issue Plaintiff a false misconduct on December 12, 2016.

the magistrate's recommendation, but failing to specify the findings believed to be in error are too general and therefore insufficient." *See Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  After conducting a de novo review of the R & R, the objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted as the opinion of this Court.

Plaintiff objects to the Magistrate Judge's recommendation that the Hearing Officer's findings on the Class I misconducts are entitled to preclusive effect.  He argues that the Magistrate Judge "did not consider the FAIRNESS and ACCURACY of the FACTUAL FINDINGS made by the major-misconduct hearing officer." (ECF No. 91 at PageID.996-997) (emphasis in original). This Court disagrees. The Magistrate Judge correctly determined that the Hearing Officer's findings were entitled to preclusive effect after considering (1) whether the state agency, in this case the Hearing Officer on behalf of the agency, was acting in a "judicial capacity," (2) whether the hearing officer resolved the disputed issue of fact that was properly before him or her, (3) whether the prisoner had a sufficient opportunity to litigate the issue, and (4) whether the findings of fact would be given preclusive effect by the Michigan courts.  (ECF No. 90 at PageID.976-978.) Because the Hearing Officer's findings are entitled to preclusive effect, the Magistrate Judge correctly determined that Claims 1, 2, and 5 fail.  Therefore, Plaintiff's objections with respect to those claims are denied.

Plaintiff next objects to the Magistrate Judge's recommendation to grant Defendants summary judgment on Claim 3.  Plaintiff conclusory alleges that Defendant Goodell confiscated Plaintiff's property in retaliation for Plaintiff's oral grievance.  The Magistrate Judge correctly

determined that "[a]t best when construing the allegations most favorable to [Plaintiff], [Plaintiff] has asserted that CO Goodell, without any retaliatory motive, has a custom and practice of taking property from all prisoners." (ECF No. 90 at PageID.981.)  Accordingly, Plaintiff's objections with respect to Claim 3 are denied.

Plaintiff also objects to the Magistrate Judge's recommendation to grant Defendants summary judgment on Claim 4.  Plaintiff's objection is difficult to follow.  He argues that the Magistrate Judge erred in determining that Plaintiff "has presented no facts that could show that Inspector Huhtala 'implied' that [Plaintiff] was a prison informant." (ECF No. 91 at PageID.1001.) He then goes on to discuss additional claims that are no longer in this case. (*See* ECF No. 46 at PageID.535.)  There is no dispute that Defendant Huhtala was tasked with investigating Plaintiff concerning illicit activities with a civilian food service employee.  Plaintiff refused to cooperate, and Defendant Huhtala attempted to question him away from other food service employees.  The Court agrees the Magistrate Judge's analysis: "[Plaintff] has failed to show that Inspector Huhtala took any retaliatory action against [Plaintiff] by investigating [Plaintiff's] involvement with a civilian food worker or for being out of place." (ECF No. 90 at PageID.983.)

Plaintiff's remaining arguments regarding Defendants' alleged perjury and false affidavits are wholly conclusory and not supported by the record. In sum, Plaintiff's objections fail to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion.

**Accordingly, IT IS HEREBY ORDERED** that the August 12, 2022, Report and Recommendation (ECF No. 90) is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's objections (ECF No. 91) are **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 75) is **GRANTED,** and Plaintiff's motion for summary judgment (ECF No. 73) is **DENIED**.

3

**IT IS FURTHER ORDERED** that Plaintiff's motion to add statements (ECF No. 84) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to reopen discovery (ECF No. 87) is **DENIED**.

This case is **concluded**.

A separate judgment will enter.

Dated: September 30, 2022                          /s/ Gordon J. Quist
                                                                      GORDON J. QUIST
                                                              UNITED STATES DISTRICT JUDGE